1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  JENNIFER S WANG (CSBN 233155)
   Assistant United States Attorney
4
5    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-6967
6    Facsimile: (415) 436-6748
     jennifer.s.wang@usdoj.gov
7
   Attorneys for Defendants
8
9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12

13 CHERYL JOHNSON NEMES,          )    No. 07-4514 JSW
                                  )
14         Plaintiff,             )    **DEFENDANTS' NOTICE OF**
                                  )    **MOTION AND MOTION TO DISMISS**
15      v.                        )
                                  )
16 BENJAMIN F. PARKS, AND DOES 1  )    Date: November 30, 2007
   TO 100,                        )    Time: 9:00 a.m.
17                                )    Place: Courtroom 2, 17th Fl.
           Defendants.            )
18 _____

19              <u>**NOTICE OF MOTION AND MOTION**</u>

20     PLEASE TAKE NOTICE that on November 30, 2007, at 9:00 a.m. in Courtroom 2,

21 located on the 17th Floor of 450 Golden Gate Avenue, San Francisco, California, defendants

22 the Social Security Administration's ("SSA") Office of Hearing Appeals ("OHA"),[1] Benjamin

23 F. Parks, and Levardis Smith[2] ("Federal Defendants") will move this Court for an order

24 _____

25     [1] Plaintiff appears to list the SSA's Office of Hearing Appeal as a defendant. The proper
   defendant in suits challenging the denial of Social Security benefits is the Commissioner of the SSA, not
26 the Office of Hearing Appeals.

27     [2] From the complaint, it is not clear if plaintiff has named Levardis Smith as a defendant.
   Although he is not named in the complaint, plaintiff includes Does 1 through 100, and subpoenaed
28 Smith, with defendant Parks, to appear at the case management conference set by the state court.

DEFS' MOT. TO DISMISS
C 07-4514 JSW

dismissing the complaint for lack of jurisdiction and failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). This motion is based on this notice, the following memorandum of points and authorities, the declarations filed in support of the motion, the pleadings and papers on file in this action, the reply, and such oral argument as the Court may permit.

## RELIEF SOUGHT

Defendants seek an order dismissing the complaint without leave to amend.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Federal Defendants move to dismiss plaintiff's complaint without leave to amend. This motion should be granted for the following reasons: First, the essence of plaintiff claims is that her application for social security benefits was improperly denied. Thus, the sole basis for the Court's subject matter jurisdiction over plaintiff's claims is the Social Security Act ("the Act"). Because plaintiff has not exhausted her administrative remedies under the Act, her claims must be dismissed. Second, even if plaintiff's tort claims are not barred by the Act, they should be dismissed because plaintiff has not exhausted her administrative remedies under the Federal Tort Claims Act. Third, even if the Court could assert jurisdiction over plaintiff's claims, because the actions she complains of involve conduct by defendants in the performance of adjudicative duties, her claims are barred by judicial and quasi-judicial immunity. Finally, plaintiff's civil rights claim against the individually named defendants, Parks and Smith, should be dismissed because there is no *Bivens* remedy for alleged due process violations made in connection with the handing of a social security benefits claim.

### II.    ISSUES PRESENTED

1. Do plaintiff's claims arise under the Act?

2. Has plaintiff exhausted her administrative remedies under either the Act or FTCA?

3. Are plaintiff's claims barred by the doctrine of judicial and quasi-judicial immunity?

4.  Under *Bivens*, can plaintiff bring a civil rights claim against the individually named defendants to challenge the denial of her social security benefits?

## III.  BACKGROUND

The PASS program provides benefits, planning and assistance to encourage disabled individuals to return to work.  *See* 20 C.F.R. 416.1180 *et seq.*  Under this program, a disabled individual proposes a plan to achieve self-support (a PASS), which details (among other things) the individual's specific work goal and the steps to necessary to reach that goal, and submits the PASS to the SSA.  *See id.*  If the SSA approves the PASS, the resources necessary to fulfill the plan are excluded in the determination of the individual's eligibility to receive, and the amount of the individual's, Supplemental Security Income.  *See id.*

Plaintiff applied for the PASS program, stating that she could record and sell CDs to support a music studio. (*See* Declaration of Dennis V. Ford ("Ford Decl.") ¶ 3, Ex. 1 ("Notice of Decision - Unfavorable").  After the SSA denied her claim, plaintiff requested a hearing before an Administrative Law Judge.  (*Id.*).  After a hearing, on July 19, 2007, Administrative Law Judge Benjamin F. Parks denied plaintiff's PASS claim, finding that: (1) plaintiff failed to provide required documentation from a licensed vocational counselor or the Department of Rehabilitation establishing the feasibility of her plan; (2) plaintiff's plan failed to include crucial elements, such as details of her marketing, advertising and financial projections; and (3) plaintiff's plan failed to meet the SSA's requirements.  (*Id.*, Ex. 1).  During the hearing on plaintiff's PASS claim, Administrative Law Judge Parks' scheduling clerk was Levardis Smith. (Declaration of Jennifer Wang In Support of Defendants' Motion to Dismiss ("Wang Decl."), Ex. 2 (August 28, 2007 Letter from Levardis Smith to Lucille Meis)).

On or about August 1, 2007, plaintiff filed this action challenging the Administrative Law Judge's denial of her PASS claim.  (*See* Compl. ¶ 10).  In her complaint, plaintiff alleges that the Federal Defendants concealed "[government] documents in order to influence [the] SSA court decision." (*Id.* ¶ 8).  Plaintiff's complaint is on a state form, on which she has checked off boxes indicating that she is alleging claims for (1) civil rights; (2) professional

1   negligence; and (3) business tort/unfair business practice.  (*See* Civil Case Cover Sheet § 1).

2   As relief, plaintiff seeks monetary and declaratory or injunctive relief, as well as punitive

3   damages.  (*Id.* § 3).  Subsequently, on August 23, 2007, plaintiff filed a request for review of

4   the Administrative Law Judge's decision by the SSA's Appeals Council.  (Ford Decl. ¶ 3).   On

5   August, 31, 2007, the Federal Defendants removed the case to federal court.

6   **IV.     ARGUMENT**

7       **A.     Legal Standard**

8           Under Federal Rule of Civil Procedure 12(b)(1), the court should dismiss a complaint

9   where the plaintiff has failed to establish the court's subject matter jurisdiction.  *Ashoff v. City*

10  *of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).  In determining whether it has subject matter

11  jurisdiction, a court is not limited to the allegations of the complaint.  *See White v. Lee*, 227

12  F.3d 1214, 1242 (9th Cir. 2001).  Rather, the court is permitted to look beyond the complaint to

13  extrinsic evidence, and need not assume the truth of the complaint's allegations.  *Id.*

14          A court should grant dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)

15  where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts

16  alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F. 2d 696,

17  699 (9th Cir. 1990).  That standard "requires more than labels and conclusions, and a formulaic

18  recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 127 S.

19  Ct. 1955, 1964-65 (2007).  While the material factual allegations are construed in the non-

20  movant's favor, allegations that are conclusory, vague or speculative are insufficient to survive

21  a motion to dismiss.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Stack v.*

22  *Lobo*, 903 F. Supp. 1361, 1369 (N.D. Cal. 1995).

23

24      **B.     The Entire Action Should Be Dismissed for Lack of Subject Matter**
            **Jurisdiction.**

25          1.     <u>Plaintiff has not exhausted her administrative remedies under the Act.</u>

26  Plaintiff's claims should be dismissed for lack of subject matter jurisdiction because

27

28

they arise under the Social Security Act, and plaintiff has failed to exhaust her administrative remedies under the Act.  Pursuant to the Act, the sole basis for the court's jurisdiction over a suit seeking "to recover on any claim arising under" the Act is Title 42 U.S.C. section 405(g).  *See* 42 U.S.C. § 405(h) ("no decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.").  The Supreme Court has interpreted the Act's "arising under" language to include even those claims that can be characterized as also arising under other federal statutes or the Constitution.  *See Weinberger v. Salfi*, 422 U.S. 749, 762 (1975) (holding section 405(h) bars federal question jurisdiction of any claim arising under the Act except pursuant to section 405(g)).  Thus, the Act precludes FTCA and civil rights claims to recover social security benefits.  *See Shalala v. Illinois Council on Long Term Care*, 529 U.S. 9-10 (2000); *Salfi*, 422 U.S. at 762; *Tallman v. Reagan*, 846 F.2d 494, 495 (8th Cir. 1988) (holding that section 405(h) precludes FTCA actions to recover for alleged negligence in the tardy processing of application for benefits); *cf. Schweiker v. Chiliky*, 487 U.S. 412, 423-24 (1987) (holding that the Act precludes *Bivens* remedy for alleged due process violations made in connection with the handing of an SSA benefits claim).

Section 405(g) provides for judicial review of agency decisions regarding benefits only after the Commissioner of the SSA has made a final decision on the plaintiff's claim.  *See* 42 U.S.C. § 405(g).  For the purposes of the Act, a "final decision" consists of two elements: (1) presentment of a claim to the Commissioner and (2) the complete exhaustion of administrative remedies.  *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993).  A "final decision" is rendered only after the claimant has pressed her claim through all designated levels of administrative review.  *See* 20 C.F.R. § 404.900(a)(1)-(4); 20 C.F.R. § 416.1467-1483; *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir.1993).  The presentment requirement is jurisdictional and cannot be waived.  The exhaustion requirement is

1  waiveable only if the plaintiff has satisfied a three-part test: the claim must be (1) collateral to a

2  substantive claim of entitlement; (2) colorable in its showing that refusal to the relief sought

3  will cause an injury which retroactive payments cannot remedy; and (3) one whose resolution

4  would not serve the purposes of exhaustion (futility).  *Johnson*, 2 F.3d at 921.

5          Here, plaintiff alleges civil rights violations, and negligence and other tort claims, in the

6  hearing on her claim for PASS benefits.  The basis for plaintiff's claims is that the SSA

7  withheld documents during the hearing, resulting in the denial of her PASS claim.

8  Accordingly, plaintiff's claims arise under the Act, and section 405(g) provides the exclusive

9  means for review of her claims.  However, plaintiff has not exhausted her administrative

10 remedies under section 405(g).  After Administrative Law Judge Parks denied her claim for

11 PASS benefits, plaintiff requested review by the Appeals Council on August 23, 2007.  (Ford

12 Decl. ¶ 3).  The review of plaintiff's case by the Appeals Council is still pending.  (*Id.*).

13 Accordingly, plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

14          2.  <u>Plaintiff's claims do not merit waiver of the exhaustion requirement.</u>

15          This case does not merit judicial waiver of the Act's exhaustion requirement.  At the

16 very least, plaintiff's claims do not meet the first and third requirements of the three-part test

17 for assessing whether a waiver is appropriate.  First, plaintiff's claims are not collateral to her

18 claim for PASS program benefits.  Where the procedural irregularities the plaintiff alleges are

19 "inextricably intertwined" with her claim for benefits, the plaintiff  must exhaust administrative

20 remedies.  *See Heckler v. Ringer*, 466 U.S. 602, 614 (1984); *Kildare*, 325 F.3d at 1083 (finding

21 that plaintiffs' claims were not collateral where "all that is alleged is a series of irregularities in

22 [plaintiffs'] cases that is entirely dependant on the [plaintiffs'] proceedings before the []

23 Defendants in making the initial disability determination.").  Claims that amount to factual

24 disputes regarding the plaintiff's benefits case are appropriate for resolution through the

25 administrative process.  *See Carpenter v. United States*, No. C-95-20814 RMW, 1996 WL

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

83888, at *3 (N.D. Cal. Feb. 21, 1996).[3]  Here, because plaintiff's claims that SSA personnel failed to include certain documents during the hearing on her eligibility for the PASS program, plaintiff's allegations are "inextricably intertwined" with her claim for benefits.

Second, nothing in plaintiff's allegations suggests that resolution of her claims through the administrative process would be futile.  In most cases, the exhaustion requirement: (1) allows the agency to compile a detailed factual record and apply its expertise in administering its own regulations, and (2) conserves judicial resources by allowing the agency to correct its own errors through administrative review.  *See Kildare*, 325 F.3d at 1084; *Johnson*, 2 F.3d at 922-23.  However, in limited situations, where the agency applies a "systemwide policy" that is inconsistent in "critically important ways with established regulations," "nothing is gained 'from permitting the compilation of a detailed factual record, or from agency expertise.'" *Johnson*, 2 F.3d at 922-23 (quoting *Bowen v. City of New York,* 476 U.S. 467, 485 (1986)); *cf. Carpenter*, 1996 WL 83888, at *3 (holding that if a claimant simply disputes an isolated decision rather than a policy, rule, the plaintiff must exhaust administrative remedies).

Nothing in plaintiff's complaint suggests that exhaustion would be futile in this case.  Plaintiff has not alleged any "systemwide" policy, directive, or order requiring defendants to disregarding SSA regulations.  *See Kildare*, 325 F.3d at 1084 (finding that the plaintiffs failed to show futility of the administrative process where their claim "focus[ed] on individual irregularities that allegedly had the effect of denying each of them benefits.").  Rather, plaintiff focuses on alleged individual errors by defendants that she claims resulted in the denial of her PASS benefits.  Because plaintiff's claims are neither "collateral" to her benefits claim, nor such that resolution by the administrative process would be futile, this case does not merit judicial waiver of the exhaustion requirement, and plaintiff's complaint should be dismissed.[4]

---

[3]  Attached is a true and correct copy of this unpublished decision for the Court's reference.

[4]  Plaintiff cannot argue that the court has mandamus jurisdiction to compel the SSA to include her in the PASS program.  Federal district courts have "original jurisdiction of any action in the nature of

1

2

## C.    Plaintiff's Tort Claims Should Be Dismissed.

3

1.    Plaintiff's Tort Claims Should Be Dismissed Because Plaintiff Failed to Exhaust Her Administrative Remedies Under the FTCA.

4

Even if plaintiff's tort claims for business tort/unfair practices and negligence could be

5

deemed claims that do not arise under the Act, they should be dismissed for lack of subject

6

matter jurisdiction because plaintiff did not exhaust her administrative remedies under the

7

FTCA. The only possible alternative jurisdictional basis for plaintiff's tort claims is the FTCA,

8

which permits civil actions against the United States for certain torts allegedly committed by

9

federal employees that would be torts under the law of the forum state.[5]  *See* 28 U.S.C. §

10

1346(b)(1). Absent a waiver, sovereign immunity shields the federal government, its agencies,

11

and federal employees acting in their official capacity from suit. *FDIC v. Meyer*, 510 U.S. 471,

12

475 (1992); *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001). The FTCA provides a

13

limited waiver of sovereign immunity. 28 U.S.C § 2675(a). A district court has no subject

14

matter jurisdiction over an FTCA claim unless the plaintiff has first presented a claim to the

15

appropriate agency, and either (1) the claim was "finally denied" in writing, or (2) six months

16

have passed since the claim was submitted. 28 U.S.C. § 2675(a). The claim requirement is

17

jurisdictional in nature and cannot be waived. *McNeil v. United States*, 508 U.S. 106, 11-12

18

(1993); *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985).

19

Here, plaintiff complains of actions taken by SSA employees, Administrative Law

20

Judge Parks and his scheduling clerk, Smith, in the scope of their employment – during the

21

22

23

mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus jurisdiction is available if: (1) the plaintiff's claim is "clear and certain," (2) the plaintiff has exhausted all other avenues of relief, and (3) if the defendant owed the plaintiff a clear nondiscretionary duty. Here, at the very least, plaintiff cannot meet the second requirement of exhaustion because she has yet to receive a decision from the Appeals Council. *See Heckler*, 466 U.S. at 616-17.

24

25

26

27

[5]  To the extent plaintiff attempts to allege an FTCA claim against anyone other than the United States, her claim should fail. The United States is the only proper defendant in an action under the FTCA. *See* 28 U.S.C. § 2679; *Woods v. United States*, 720 F.2d 1451, 1452 n. 1 (9th Cir. 1983).

28

SSA's hearing on her eligibility for the PASS program.  (*See* Wang Decl., Ex. 1 (August 31, 2007 Letter from Benjamin F. Parks to Lucille Meis); Ex. 2 (August 28, 2007 Letter from Levardis Smith to Lucille Meis); Ex. 3 (August 28, 2007 Letter from Emily Montuya to Lucille Meis); Ex. 4 (United States Attorney's Amended Certification Pursuant to 28 U.S.C. § 2679(d)).  Plaintiff's complaint contains no allegations regarding any actions taken by Parks or Smith in their personal capacities.  However, the SSA has no record of any administrative tort claim filed by plaintiff against the SSA.  (*See* Declaration of John A. Carlo ("Carlo Decl.") ¶¶ 2-3.).  Nor has plaintiff alleged that she filed any such administrative claim.  Accordingly, plaintiff's business tort/unfair business practices and professional negligence claims must be dismissed for lack of subject matter jurisdiction.

        2.    <u>Plaintiff's FTCA Claim Should Be Dismissed Under the Doctrine of Judicial Immunity.</u>

Any cognizable FTCA claim should be dismissed because the government is protected by the defense of judicial immunity.  When the United States is sued under the FTCA, it is protected by judicial immunity if such a defense is available to the judicial officers whose actions provide the basis for the claim.  *See* 28 U.S.C. § 2674.  Judges are absolutely immune from civil liability.  *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Mullis*, 828 F.2d at 1388.  Absolute judicial immunity has been extended to others who perform adjudicatory functions, including administrative law judges within a federal agency.  *Butz v. Economou*, 438 U.S. 478, 513 ("There can be little doubt that the role of the modern federal hearing examiner or administrative law judge . . . is functionally comparable to that of a judge.").  In addition, court clerks have absolute quasi-judicial immunity from civil liability when they perform tasks that are an integral part of the judicial process.  *See Mullis*, 828 F.2d at 1394; *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986).

Here, plaintiff's sole allegation in support of her FTCA claim appears to be that Administrative Law Judge Parks and his scheduling clerk, Smith, withheld documents during the hearing on plaintiff's PASS claim.  Plaintiff does not allege any conduct on the part of Parks outside the performance of adjudicative functions.  Nor has plaintiff alleged that Smith performed any tasks unrelated to the judicial process.  Accordingly, because defendants Parks and Smith enjoy judicial and quasi-judicial immunity, respectively, plaintiff's FTCA claim against the government should be dismissed.

### D.    Plaintiff's Civil Rights Claims Against the Individual Defendants Should Be Dismissed.

Plaintiff cannot bring an action against the individual defendants for denial of social security benefits under *Bivens*.  Under *Bivens*, a plaintiff may sue a federal employee based on his violation of the party's constitutional rights.  *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[6]  However, the Supreme Court has held that the Act precludes a *Bivens* remedy for alleged due process violations made in connection with the handling of an SSA benefits claim.  *Schweiker*, 487 U.S. at 423-24.  Accordingly, plaintiff's civil rights claim against the individual defendants should be dismissed.

## V.    Conclusion.

Plaintiff's claims against defendants should be dismissed without leave to amend.

DATED: September 10, 2007                      Respectfully submitted,
                                               SCOTT N. SCHOOLS
                                               United States Attorney


                                               _____/s/_____

                                               JENNIFER S WANG
                                               Assistant United States Attorney

---

[6]  To the extent plaintiff alleges a civil rights claim against the individual defendants in their official capacity, her claim should be dismissed for lack of subject matter jurisdiction.  The United States has not waived its sovereign immunity in *Bivens* actions.  *See Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983).