Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1996 WL 83888 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

Carpenter v. U.S.
N.D.Cal.,1996.
Only the Westlaw citation is currently available.
United States District Court, N.D. California.
Daniel J. CARPENTER, Plaintiff,
v.
UNITED STATES of America, Department of Health and Human Services, et. al., Defendants.
**No. C-95-20814 RMW.**

Feb. 21, 1996.

Daniel J. Carpenter, Mountain View, CA, for plaintiff in propria persona.
Yonkel Goldstein, Assistant United States Attorney, San Jose, CA, for federal defendants.

ORDER DENYING PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION AND GRANTING DEFENDANTS' MOTIONS TO DISSOLVE TRO AND DISMISS

WHYTE, District Judge.

*1 Plaintiff's motion for preliminary injunction and defendants' motions to dissolve temporary restraining order ("TRO") and to dismiss plaintiff's complaint for lack of jurisdiction were submitted on January 23, 1996. The court has read the moving and responding papers and heard oral argument by the parties. For the reasons set forth below, the court denies plaintiff's request for preliminary injunction, dissolves the TRO and grants defendants' motion to dismiss.

I. BACKGROUND

Plaintiff Daniel Carpenter has received Supplemental Security Income ("SSI") disability benefits since 1987. During the past four years, he has participated in several plans to achieve self-support ("PASS plans").

The Social Security Administration ("SSA") Sunnyvale Branch Office notified plaintiff by letter dated September 16, 1995, that he was scheduled for an SSI redetermination appointment on September 19, 1995. The letter stated that plaintiff was required to provide certain documentation at this meeting, including bank statements for savings and checking accounts. It is undisputed that plaintiff did not attend this meeting, although he asserts that he did not receive the letter until September 21, 1995.

On October 23, 1995, an SSA representative left a message on plaintiff's telephone answering machine, informing him that he was required to appear at the Sunnyvale Branch Office by noon the next day or his payments would be suspended.

On October 24, 1995, plaintiff completed a redetermination form at the Sunnyvale Branch Office, but did not provide any supporting documentation at the time of the meeting. The parties disagree as to why plaintiff did not have the documentation with him at the meeting. However, plaintiff asserts that all supporting paperwork necessary to continue his SSI eligibility was completed and signed on that date.

That same day, plaintiff also submitted to SSA on an official form the following statement:
It is inappropriate and unlawful to do a review of the current P.A.S.S. plan while two conditions continue to exist. A: a P.A.S.S. modification for the previous P.A.S.S. (1990) is still pending, which effects [sic] this P.A.S.S. (1994). B: While a [sic] appeal of current and previous P.A.S.S. plans are [[[sic] still pending.

Defendants acknowledge receipt of this statement.

On November 3, 1995, an order to suspend plaintiff's benefits was entered into SSA's computer to preclude him from receiving his December 1995 SSI check. However, plaintiff's Title II disability insurance benefits were apparently unaffected.

The SSA notified plaintiff that his SSI benefits were being terminated as of November 30, 1995 because he failed to adequately comply with an SSI redetermination. The letter also advised plaintiff

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-04514-JSW    Document 7-2    Filed 09/10/2007    Page 2 of 5

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 83888 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.)

Page 2

that he had 60 days to appeal the termination of his benefits and that if he appealed within the first 10 days of the 60 day appeal period, his benefits would be continued pending the appeal.

***2** It is undisputed that plaintiff did not file an initial claim with the Secretary of Health and Human Services after his benefits were terminated within either the plaintiff's or the defendants' computation of the 10 day statutory period necessary to retain his benefits pending an administrative appeal. There is no evidence that plaintiff ever filed an initial claim in this matter.

On November 20, 1995, plaintiff filed an application for an emergency order with this court, seeking to prohibit the United States Department of Health and Human Services from terminating his SSI payments and the State of California Department of Health Services from terminating his medical assistance ("Medi-Cal") benefits. On December 4, 1995, this court, Judge William A. Ingram presiding, issued a TRO and scheduled a hearing on plaintiff's application for preliminary injunction for December 12, 1995.

On December 8, 1995, defendants filed an opposition to plaintiff's application for a preliminary injunction, a motion to rescind the TRO and a motion to dismiss plaintiff's complaint for lack of jurisdiction due to failure to exhaust administrative remedies. At the hearing on December 12, 1995, plaintiff was unprepared to address defendants' jurisdictional challenge and was given until December 29, 1995 to file a supplemental brief specifically addressing the jurisdiction issue. On December 29, 1995, plaintiff filed a motion for enlargement of time, pursuant to Civil Local Rules sections 7-7 and 7-11, for filing his supplemental brief, which was opposed by the defendants. On January 17, 1996, this court granted plaintiff a final enlargement of time until January 23, 1996, to enable plaintiff to address the jurisdictional issue raised by the defendants.

Plaintiff asserts that the court has jurisdiction to hear this matter because he challenges the validity of SSA's decision to terminate his payments on constitutional grounds.

## II. LEGAL STANDARD[FN1]

Judicial review of cases arising under the Social Security Act ("Act") is provided in, and expressly limited by, sections 205(g)-(h) of the Act, codified at 42 U.S.C. 405(g)-(h). The remedy provided therein is exclusive. Section 405(g) states in relevant part:
Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Section 405(h) provides in pertinent part:No finding of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

The central jurisdictional requirement under the Act is that no recourse exists in the district court until there has been a final decision[FN2] by the Secretary of Health and Human Services ("Secretary"). 42 U.S.C. §405(g). The United States Supreme Court has stated that the "final decision" requirement has two elements, presentation and exhaustion. The plaintiff must first present an initial claim to the Secretary after benefits are denied and secondly must have exhausted all administrative remedies prescribed by the Secretary. *Matthews v. Eldridge,* 424 U.S. 319, 328 (1976); *Bowen v. City of New York,* 476 U.S. 467, 472 (1986).

***3** The presentment requirement is purely jurisdictional in the sense that it cannot be waived. *Eldridge,* 424 U.S. at 328. The exhaustion requirement, by contrast, may be waived by the Secretary or the courts.[FN3] *Ryan v. Bentsen,* 12 F.3d 245, 248 (D.C. Cir. 1993) (citing *Matthews v.*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-04514-JSW   Document 7-2   Filed 09/10/2007   Page 3 of 5

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 83888 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

Page 3

*Eldridge,* 424 U.S. at 328; *Matthews v. Diaz,* 426 U.S. 67, 76-77; *Bowen v. City of New York,* 476 U.S. at 483.

The Supreme Court has found waiver of the exhaustion requirement appropriate in two situations. First, waiver may occur when the Secretary determines that the issue before her is one of the constitutionality of a provision of the Act and she cannot allow or disallow benefits on any ground other than the constitutional ground. Because the constitutionality of a statute is an issue beyond her competence to decide, exhaustion is futile. *Salfi,* 422 U.S. at 765-66. Further agency review would not serve the purposes of exhaustion, namely, "preventing premature interference with agency processes,...afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise,...[or] compiling a record which is adequate for judicial review." *Id.* at 765. Conversely, if a claimant simply disputes an isolated decision of the Secretary rather than a policy, rule, procedure or other action, judicial review is precluded by section 405(g) until administrative remedies are exhausted. *Heckler v. Ringer,* 466 U.S. 602, 618 (1984); *Hironymous v. Bowen,* 800 F.2d 888 (9th Cir. 1986).

Second, waiver may occur when the claimant's constitutional challenge is collateral to his claim of entitlement and he stands to suffer irreparable harm if forced to exhaust his administrative remedies. *Eldridge,* 424 U.S. at 330-31. In such a case, "deference to the agency's judgment is inappropriate" and the court itself may waive the exhaustion requirement. *Id.* at 330.

### III. DISCUSSION

The presentment requirement is satisfied by filing an initial claim after the Social Security benefits are denied. *Weinberger v. Salfi,* 422 U.S. 749, 764-65 (1975); *Eldridge,* 424 U.S. at 328-29; *Bowen,* 476 U.S. at 483.[FN4] In the case at bar, plaintiff did not present an initial claim to the Sunnyvale Branch office disputing the actual termination of his benefits. While he did provide notice to SSA that he disputed the review of his most recent PASS plan while the status of a prior PASS plan was still unresolved, this notice was given on October 24, 1995, approximately two weeks before he was notified that his benefits were terminated. Thus, it appears that plaintiff gave notice simply that he disagreed with SSA's procedures, not that he disputed its actual decision to terminate his benefits. Since plaintiff did not in fact present a claim that his benefits should not be terminated, but instead immediately filed a complaint with this court, it does not appear that he satisfied the presentment requirement.[FN5] Even if plaintiff had met the presentment requirement, however, he does not meet the requirements for exhaustion.

### B. *Exhaustion*

**\*4** Generally, section 405(g) bars judicial review of any denial of disability benefits until the claimant has received a final decision by the Secretary. *Eldridge,* 424 U.S. at 328; *Salfi,* 422 U.S. at 757. In this case, plaintiff could have obtained full administrative review of the termination of his benefits, yet he failed to seek administrative reconsideration of his initial termination. Rather, he immediately commenced the instant action in this court.

#### 1. *Danger of irreparable harm*

Since the ultimate responsibility for the integrity of the administrative program rests with the Secretary, section 405(g) generally provides her with the power to determine when finality has occurred. *Salfi,* 422 U.S. at 757-58. However, cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate and the court may waive the exhaustion requirement. *Eldridge,* 424 U.S. at 330.

In the case at bar, plaintiff has not demonstrated that he would suffer irreparable harm if forced to exhaust his administrative remedies. Indeed, but for plaintiff's *refusal* to file a claim with the SSA within ten days of the termination of his benefits, pursuant to the 1995 Code of Federal Regulations,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 83888 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.)

chapter 20, section 416.1336(b), those benefits would have continued during the pendency of his administrative, and ultimately, judicial, appeals.FN6 Plaintiff may not refuse to avail himself to the regulatory safeguard created to provide him relief in this situation and then claim that he has been irreparably harmed as the result of his refusal. Thus, the irreparable injury exception to the exhaustion requirement is inapplicable to this case.

2. *Futility*

Either the Secretary or the courts may waive the exhaustion requirement when the only issue in a case is the constitutionality of a provision and the Secretary cannot allow or disallow benefits on any ground other than the constitutional ground. *Salfi,* 422 U.S. at 765-66; *Ryan,* 12 F.3d at 247. In such a situation, resorting to the administrative process mandated by Congress would be futile, because the exhaustion doctrine is premised on the notion that allowing an administrative agency to apply its expertise to a problem, exercise its discretion, correct its own mistakes and develop more accurate determinations helps to achieve the goal of judicial economy. *See Doyle v. Secretary of Health and Human Services,* 848 F.2d 296, 300 (1st Cir. 1988). Moreover, any findings of fact made during the administrative process which might assist the courts on timely appeal cannot be developed when the question is a purely constitutional one. *Bowen,* 476 U.S. at 472. When the issue presented is purely constitutional, requiring plaintiff to endure a lengthy and ultimately fruitless series of administrative appeals would serve no purpose. *Id.*

However, if a plaintiff's constitutional claims are "inextricably intertwined" with his claim for benefits, and thus not wholly collateral to his claim for benefits, he must exhaust administrative remedies. *Heckler,* 466 U.S. at 618. Simply because a claim can be construed as "procedural" rather than "substantive," it is not necessarily cognizable in federal district court. *Id.* at 614.

**\*5** In the case before the court, plaintiff questions the constitutionality of PASS review procedure, citing a factual record dating back to 1990 and claiming that two of his prior PASS plans still await determination in the appeals process. Plaintiff's claims originate with the 1995 Code of Federal Regulations, chapter 20, section 416.714(b), which provides in pertinent part that SSA may

request a report from you if we need information to determine continuing eligibility or the correct amount of your SSI benefit payments. If you do not report within 30 days of our written request, we may determine that you are ineligible to receive SSI benefits. We will suspend your benefits effective with the month following the month in which we determine that you are ineligible to receive SSI benefits because of your failure to give us necessary information.

20 C.F.R. §416.714(b) (1995). Plaintiff's benefits were terminated when he allegedly failed to comply with this section by refusing to supply the information necessary for a redetermination. Plaintiff claims that he has indeed complied with the regulation and asserts that the regulation is unconstitutional.

At best, plaintiff has presented a constitutional claim which is "inextricably intertwined" with his claim for benefits. Indeed, the essence of defendant's "constitutional" challenge is that SSA personnel misapplied the regulation in question and abused their discretion in his case. As such, plaintiff's dispute with SSA is at least in part factual, and therefore a claim which the administrative process is equipped to resolve. Thus, plaintiff's administrative challenge is not "futile" as a matter of law, and all aspects of plaintiff's claims should be addressed first by the administrative channels which Congress has created for the determination of benefits.

Because it would be inappropriate to waive the exhaustion requirement, this court refuses to do so and thus lacks the subject matter jurisdiction to hear the instant matter.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-04514-JSW   Document 7-2   Filed 09/10/2007   Page 5 of 5

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 83888 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

Page 5

## IV. ORDER

The court denies plaintiff's request for preliminary injunction, dissolves the temporary restraining order and grants defendants' motion to dismiss without prejudice.

FN1. Insofar as plaintiff seeks money damages against federal officials for constitutional torts, such a remedy is precluded by the Social Security Act. *Schweiker v. Chilicky,* 487 U.S. 412, 419-420; *see also Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388. This court addresses only plaintiff's claims for relief allowed under the Act.

FN2. The Secretary renders a "final decision" after a four step process consisting of an initial determination of his right to benefits by the regional SSA office, a request to that office for reconsideration of its determination, a request for a hearing before an Administrative Law Judge ("ALJ"), which may or may not be granted and a request for Appeals Counsel review of the ALJ's decision. *See* 20 C.F.R. §404.900(a)(1)-(4); 20 C.F.R. §416.1400.

FN3. The courts may waive the exhaustion requirement *either* in the case of impending irreparable harm to the claimant or when such exhaustion would be futile. (See *Eldridge,* 424 U.S. at 330; *Matthews v. Diaz,* 426 U.S. 67, 76-77(1976); *Bowen,* 476 U.S. at 483; *Ryan,* 12 F.3d at 248.

FN4. An "initial claim" need not be a formal appeal. In *Eldridge,* for example, plaintiff's "answers to the state agency questionnaire and his letter in response to the tentative determination that his disability had ceased" satisfied the presentment requirement for plaintiff's claim that his benefits should not have been terminated. *Eldridge,* 424 U.S. at 328-29.

FN5. The fact that Carpenter did not present his specific constitutional claims to the Secretary, however, is not controlling. *Eldridge,* at 329. If Carpenter had in fact exhausted his administrative remedies, his failure to have raised his constitutional claims would not bar him from later asserting them later in district court. *Id.* at 330 n. 10 (citing *Flemming v. Nestor,* 363 U.S. 603, 607 (1960)).

FN6. As late as the time of oral argument in this matter, it appeared that the government was willing to treat plaintiff's appeal as within the 10-day rule, even though that time period had lapsed by both the government's and plaintiff's calculations. However, for reasons not apparent to this court, plaintiff refused to accept such an offer.

N.D.Cal.,1996.
Carpenter v. U.S.
Not Reported in F.Supp., 1996 WL 83888 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.