Exhibit 1

**SOCIAL SECURITY ADMINISTRATION**

Refer To: 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

Office of Disability Adjudication and Review
3rd Floor
301 Howard Street
San Francisco, CA 94105

Date:   JUL 1 9 2007

Cheryl Johnson Nemes
1000 Market St
Apt 312
San Francisco, CA 94102

## NOTICE OF DECISION – UNFAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

**If You Disagree With The Decision**

If you disagree with my decision, you may file an appeal with the Appeals Council.

**How to File an Appeal**

To file an appeal you or your representative must request that the Appeals Council review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the **Appeals Council, Office of Disability Adjudication and Review, 5107 Leesburg Pike, Falls Church, VA 22041-3255**. Please put the Social Security number shown above on any appeal you file.

**Time to File an Appeal**

To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

**Time to Submit New Evidence**

You should submit any new evidence you wish to the Appeals Council to consider with your request for review.

See Next Page


EXHIBIT
1

**How an Appeal Works**

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 416 (Subpart N).

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It will review your case if one of the reasons for review listed in our regulation exists. Section 416.1470 of the regulation lists these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

**The Appeals Council May Review The Decision On Its Own**

The Appeals Council can review my decision even without your request to do so. If it decides to do that, the Council will mail you a notice about its review within 60 days from the date of this notice.

**If No Appeal and No Appeals Council Review**

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

**Your Right To Representation In An Appeal**

You may have a lawyer or other person help you in any appeal you file with the Appeals Council. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with an appeal.

If you get someone to help you with an appeal, you or that person should let the Appeals Council know. If you hire someone, we must approve the fee before he can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past-due insurance benefits to pay towards the fee.

**New Application**

You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. If you disagree with my decision and you file a new application instead of appealing, you might lose some benefits, or not qualify for any benefits.

See Next Page

Cheryl Johnson Nemes (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)                          Page 3 of 3

My decision could also be used to deny a new application for insurance benefits, if the facts and issues are the same. So, if you disagree with this decision, you should file an appeal within 60 days.

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office. If you visit an office, please bring this notice and decision with you. The telephone number of the local office that serves your area is (415)554-1444. Its address is Social Security, 90 7th St 1st Fl, San Francisco, CA 94103.

Benjamin F. Parks
Administrative Law Judge

## SOCIAL SECURITY ADMINISTRATION
Office of Disability Adjudication and Review

### DECISION

| **IN THE CASE OF** | **CLAIM FOR** |
|---|---|
| Cheryl Johnson Nemes | Supplemental Security Income |
| (Claimant) | |
| | 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 |
| (Wage Earner) | (Social Security Number) |

The issue before the Administrative Law Judge is whether the claimant, Cheryl Nemes, is eligible for inclusion in the Social Security Administration's Plan for Achieving Self Support (PASS) program. On August 28, 2006 the Social Security Administration informed the claimant that it could not authorize any funding for her PASS proposal. The claimant appealed the denial and received an unfavorable reconsideration notice dated November 24, 2006. The claimant filed a request for hearing before an Administrative Law Judge on March 14, 2007. An administrative hearing was held in San Francisco, California on June 6, 2007, at which the claimant appeared and testified. Although advised of the right to representation the claimant declined to be represented by an attorney or other duly qualified representative.

The Social Security Act authorizes the exclusion of income and resources of an individual who has a disability or is blind when the individual needs such income and resources to fulfill an approved Plan for Achieving Self Support (PASS). The income and/or resources the individual uses to pursue the PASS will not be counted in determining his/her eligibility or payment amount for Supplemental Security Income (SSI).

Approval of the claimant's proposed PASS was denied because the feasibility of the goal of the PASS was in doubt and the success of the plan depended on too many speculative variables.

At the administrative hearing, the claimant testified that she put in a recording studio and provided Social Security with the appropriate information concerning her business plan. The claimant stated that she has been educated as a singer and has professional experience as a 1930's style swing singer. The claimant said that she could record and sell CDs to support a music studio. She wants approval of her PASS plan, so that she can earn income without having her Social Security benefits cut.

In the initial denial notice, the Social Security Administration informed the claimant that her current business plan was deficient and that she needed a more detailed business plan before approval could be granted. In particular, the claimant was asked to provide concrete evidence that she was able to market her product. The claimant was asked to provide specific evidence regarding her marketing, advertising, and financial projections. The claimant had been informed that she must contact the State Department of Rehabilitation and must get a job goal recommendation from a licensed vocational counselor, before the Social Security Administration could authorize any PASS funds.

See Next Page

In the reconsideration notice, dated November 24, 2006, the Social Security Administration pointed out that the claimant had still not provided documentation from a licensed vocational counselor or the Department of Rehabilitation that her goal was feasible. The reconsideration notice pointed out that in her business plan the claimant wrote that "Growth in the future depends upon finding a capable and loyal team/financial ability to take on larger demand/proprietary strengths/health issues". The Social Security Administration determined that this plan depends on too many speculative variables.

The claimant has still not provided documentation from a licensed vocational counselor or the Department of Rehabilitation that establishes the feasibility of her plan. The claimant was unable to provide convincing testimony at the hearing that she would be able to sell CDs and support a music studio. Based on her level of income, declared in her 2006 tax statements, she does not have the income or capital required to run a studio and record label. A February 16, 2006 statement from Lita Melendez, a tenant services counselor at Community Housing Partnership, which provides solutions to homelessness, indicates that the claimant has not been working because she is "basically homebound". Ms. Melendez' letter indicates that the claimant informed her that she intended to move to a location where she could record music, as soon as her health and finances allow. This letter suggests that the claimant has neither the health nor financial resources to run a music studio.

Accordingly, it is found that the claimant's proposal for a PASS plan is not feasible and was properly denied.

## FINDINGS

After careful consideration of the entire record, the Administrative Law Judge makes the following findings:

1. The claimant has not provided documentation from a licensed vocational counselor or the Department of Rehabilitation that establishes the feasibility of her plan.

2. The claimant's business plan does not include crucial elements such as details of marketing, advertising, and financial projections.

3. The claimant's plan does not meet the requirements of the Social Security Administration.

## DECISION

It is the decision of the Administrative Law Judge that the claimant's Plan to Achieve Self Support is denied.

Benjamin F. Parks
Administrative Law Judge

Date JUL 19 2007